**J. Brandon PRICE et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

J. Brandon Price, Paducah, for appellants.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Richard H. Peek, Paducah, for appellee.

WILLIAMS, Judge.

The appellee, Commonwealth of Kentucky, Department of Highways, filed suit in the McCracken County Court to condemn certain property belonging to the appellants for the purpose of widening an existing road. After the commissioners had filed their report the appellants answered and asserted ownership of an additional strip of land bordering the road. They requested the court to direct the commissioners to make a new report reflecting the additional land. The Commonwealth amended its petition to show that a dispute existed over title to that area. A revised commissioners' report was thereafter filed. Upon entry of judgment in the county court fixing the value of the property and declaring that the Commonwealth had the right to condemn, both parties appealed to the McCracken Circuit Court.

The circuit court sustained a motion to try first the issue on the question of title to the property, and judgment was entered declaring title to be in the Commonwealth.

The appellants allege that the commissioners who made the revised report in county court were not properly appointed and sworn, and also that the circuit court erred in finding that the Commonwealth had title to the disputed property.

The county court record does not contain an order appointing or reappointing commissioners to make the revised report, but it does contain the revised report of the commissioners which was signed by each of them, and in which it is stated that they were duly sworn. From the language of that report, and from the judgment approving the report, it must be assumed that the commissioners were properly appointed

and sworn according to law. (KRS 177.-083)

■ In any case the question is now moot. The principal reason for the county court procedure is to enable the Commonwealth to obtain possession pending trial. This being so, the only practical purpose of an attack in circuit court on the technical propriety of the county court proceeding would be to defeat this preliminary possessory right. In this case, however, the Commonwealth took possession and commenced construction before the case was heard in circuit court. An attack on the county court judgment now, even if successful, could not accomplish a repossession of the property by the appellants.

Since possession by the Commonwealth is now an accomplished fact, this leaves only two questions to be considered: (1) The amount of compensation to which the owners are entitled; and (2) the title to the property. KRS 177.087 provides that the amount of compensation shall be determined by a circuit court jury. Original jurisdiction is exclusively delegated to the circuit court where title to land is in question. KRS 23.010. It is evident that the questions remaining to be decided are before the court which must decide them.

The land in dispute here is a strip 9 x 251 feet, which abuts U. S. 45 just within the city limits of Paducah. Previously a strip 21 feet out from the center line of the road had been used for surface, shoulder and ditches. By this action a strip 30 feet from the center line out will be utilized. The city of Paducah deeded whatever interest it had in the 30-foot strip to the Commonwealth. Appellants claim they have title to the property at least up to the 21-foot boundary.

The McCracken Circuit Court found as a fact that the Commonwealth owned all of the strip 30 feet out from the center line. This finding was based on plats of subdivisions in the area, an actual plat made of appellants' property by reference to visible boundary markers thereon, and a plat made from the description of the property as found in appellants' deed.

■ The findings of fact by a circuit court will not be set aside unless clearly erroneous. CR 52.01. The plat made of the property based on the boundary markers showed the appellants' property line to be almost exactly 30 feet from the center line of the highway. A plat made according to the description in their deed places the property line even farther from the center line of the highway. These facts alone are sufficient to authorize the conclusion that the findings of the circuit court are not clearly erroneous.

The judgment is affirmed.